# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 05-76976 |
| | ) | |
| **William G. Mestemaker** | ) | |
| **Shana L. Mestemaker** | ) | Chapter 7 |
| | ) | |
| | ) | |
| Debtor(s). | ) | Judge **Mary Ann Whipple** |

### Response to Motion to Dismiss

Now comes William G. Mestemaker and Shana L. Mestemaker (hereinafter Debtors) by and through their undersigned counsel, Randy L. Reeves, and hereby requests this Court to deny Trustee's Motion to Dismiss. In support, the Debtors state the following:

### Statement of the Case

Trustee Eisen concedes that under 11 U.S.C. 707(b)(3), a presumption of abuse has not arisen. However, notwithstanding the fact that a presumption does not exist,

1

Trustee Eisen alleges that dismissal is warranted because the totality of the circumstances demonstrates abuse under §707(b)(3) because Debtors have sufficient disposable income to fund a Chapter 13 plan. Trustee Eisen believes that based on the disposable income of $299.45 as set forth in Schedules I and J that a percentage of the $117,884.93 unsecured claim could be paid and if Debtors stopped their 401(k) loan repayment, $450.00 per month would be available to fund a Chapter 13 plan. The Debtors Means Test Calculation shows negative disposable income and therefore no income would be available for unsecured creditors if a Chapter 13 were filed. For the reasons set forth herein, Debtors object to the Trustee's Motion to Dismiss.

**Summary of the Argument**

Under the Bankruptcy Abuse Prevention and Consumer Protection Act, The Statement of Current Monthly Income and Means Test Calculation is the express vehicle by which a debtor asserts his/her monthly income before the Bankruptcy Court. The Means Test Calculation constitutes a congressionally mandated, highly elaborate, objective test of the debtor's ability to pay that takes various policy considerations into account. It is through this Means Test Calculation that the Trustee must ascertain the actual disposable income available to Debtors in this case. In this case, Debtors' Means Test Calculation clearly shows a lack of disposable income. By allowing the Trustee, through other methods, to determine that Debtors' ability to pay is greater than that stated on Debtors' Means Test Calculation allows the Trustee to create a completely separate means test not contemplated by Congress. Furthermore, the 2005 revision of the Bankruptcy Code expressly excludes 401(k) loan repayments from the disposable income calculation.

**The Means Test Calculation is conclusive as to determinations of abuse based on the debtor's ability to pay.**

Section 707(b)(1) of the Bankruptcy Code provides for dismissal of a case if "granting relief would be an abuse of the provisions of this chapter. . ." 11 U.S.C. 707(b)(1). Section 707 lays out specific grounds on which a presumption of abuse may arise which have not been alleged by the trustee in this case. However, § 707(b)(3) states that:

> [i]n considering under subparagraph (1) whether the granting of relief would be an abuse of the provisions of this chapter in a case in which the presumption [of abuse] does not rise or is rebutted, the court shall consider – (A) whether the debtor filed the petition in bad faith; or (B) the totality of the circumstances of the debtor's financial situation demonstrates abuse.

11 U.S.C. 707(b)(3).

In his motion, the Trustee has alleged that the "totality of the circumstances demonstrates abuse under § 707(b)(3) because Debtors have sufficient disposable income to fund a Chapter 13 plan." (Motion to Dismiss, 5). As support for this assertion, the Trustee cites figures stated on Schedules I and J of Debtors' bankruptcy petition. This argument, however, lacks any merit because the Debtors have shown, through the Means Test Calculation, that no disposable income exists. Because the Means Test Calculation is conclusive as to Debtors' disposable income, the Trustee should be precluded from asserting a different amount of disposable income through the use of figures not contained in the Means Test Calculation.

The Means Test Calculation constitutes an effort by Congress to reduce abuse of the Bankruptcy system and force debtors that are able to repay creditors to do so, while giving the opportunity of a fresh start to debtors who cannot repay creditors. Section 707 lays out the scheme by which Congress intended to accomplish these goals. First, a

3

debtor must determine whether his/her income exceeds the median family income for similarly sized households in the debtor's state. 11 U.S.C. § 101. If the median income is exceeded, then the debtor's income must be determined in accordance with the means test in section 707(b)(2). If the Means Test Calculation shows remaining disposable income, then the debtor must either convert the case to a Chapter 13 repayment plan, or face dismissal under 707(b)(1) unless the presumption is rebutted.

In passing this scheme, Congress intended the Means Test Calculation to be the final word on disposable income for the purposes of determining abuse. The calculation for disposable income in the Means Test Calculation is separate and distinct from the calculation of current income and expenses contained in Schedules I and J of the bankruptcy petition. The Means Test Calculation adheres strictly to various policy considerations enumerated in the 2005 revision to the Bankruptcy Code, while Schedules I and J do not. As Senator Hatch has stated, "the means test contained . . . [BAPCPA of 2005 provides] a uniform standard to bankruptcy judges to evaluate the ability of bankruptcy filers to repay debts." 151 Cong. Rec. S1842-S1843 (March 1, 2005) (statement of Sen. Hatch) Additionally, Senator McConnell's comments indicate that the Means Test was designed to be the sole method of determining the debtor's ability to pay. *See* 151 Cong. Rec. S2113 (March 7, 2005) (statement of Sen. McConnell). In looking at the "totality of the circumstances" of this case, this Court must look to the amount of disposable income calculated through the Means Test Calculation, and not the amount listed on Schedules I and J of the bankruptcy petition. Any other result would allow the Trustee to fabricate his own means test and counteract the intent of Congress. The Means Test Calculation is utilized in order to reach uniform decisions among the courts on the

4

issue of disposable income. Congress eliminated, or severely limited, the courts discretion in determining disposable income in cases where the debtor's income is over the median income. To allow the United States Trustee to ignore the Means Test Calculation and use Schedule J to determine disposable income penalizes the frugal debtor who spends less than the amount allowed by the Means Test Calculation. As stated above, the Debtors' Means Test Calculation results in no disposable income. The Means Test Calculation of §707(b)(2)(A-B) is the proper method to use to determine funds available for Chapter 13. 11 U.S.C. 1325(b)(3).

**The Bankruptcy Abuse Prevention and Consumer Protection Act expressly excludes 401(k) loan repayments from the disposable income calculation.**

In further support of his Motion to Dismiss, Trustee also argues that amounts stated on Debtors' bankruptcy petition for 401(k) loan repayments should be included in the disposable income calculation. Specifically, the Trustee states "[i]f deductions from Debtors' wages for repayment of 401(k) loans were terminated, they would have an additional funds of approximately $150. . ." (Motion to Dismiss, 5). If Debtors were in a Chapter 13, as their income is above the median income, the Court is required to use the Means Test Calculation for determining disposable income. 11 U.S.C. 1325(b)(3). Disposable income is defined in 11 U.S.C. § 1325(b)(2) as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended for the maintenance and support of the debtor, or a dependent of the debtor . . ." 11 U.S.C. 1325(b)(2). Prior to the 2005 revision of the Bankruptcy Code, many courts held that 401(k) contributions were included in the disposable income calculation. For example, in *Harshbarger v. Pees*, the Sixth Circuit Court of Appeals held that a debtor's Chapter 13 plan "must treat [401(k) payroll deductions] as part of the disposable income in the

5

bankruptcy estate." *Harshbarger v. Pees (In re Harshbarger)*, 66 F.3d 775, 777 (6th Cir. 1995). In 2004, in *Behlke v. Eisen*, the Sixth Circuit also held that a 401(k) loan repayment and a voluntary contribution were essentially identical, and that both must be included in disposable income. *See Behlke v. Eisen (In Re Behlke)*, 358 F.3d 429, 435-436 (6th Cir. 2004).

This case law, however, has been effectively superseded by the enactment of the Bankruptcy Abuse Prevention and Consumer Prevention Act. The 2005 revision contains several provisions demonstrating congressional intent favoring personal retirement accounts and contributions to those accounts. For example, under § 362(b)(19) of the 2005 revision, any withholding from a debtor's wages for the repayment of a loan from a retirement plan is expressly exempted from the automatic stay. More on point with the facts of this case, § 541(b)(7) states that property of the estate does not include "any amount received by an employer from an employee for payment as contributions to an employee benefit plan . . ." 11 U.S.C. 541(b)(7)(B)(i)(I). Section 541 also states that "any such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2). " 11 U.S.C. 541(b)(7). Therefore, under the 2005 revision to the Bankruptcy Code, any amounts withheld from a debtor's income for the purposes a 401(k) loan repayment are expressly excluded from the disposable income calculation.

## Conclusion

In accordance with the 2005 revision of the Bankruptcy Code, the relevant amount of disposable income for the purposes of determining abuse is the amount shown on Debtors' Means Test Calculation. It is this figure, and only this figure that is consistent with Congress's intent in enacting the revision. Furthermore, the amount of

monthly payroll deductions for the purposes of 401(k) loan repayments may not be included in the disposable income calculation because any such contributions are expressly excluded by § 541(b)(7) of the Bankruptcy Code.

**Wherefore**, Debtors respectfully request this Court to deny the Trustee's Motion to Dismiss and for such other and further relief as is just.

Respectfully Submitted:

**RANDY L. REEVES CO., L.P.A.**


**/s/ Randy L. Reeves**
**Randy L. Reeves (#0009934)**
**Attorney for Debtors**
**973 West North Street**
**Lima, OH 45805**
**(419) 228-2122 Telephone**
**(419) 222-6718 Facsimile**

**PROOF OF SERVICE**

      I hereby certify that a copy of the foregoing Response to Motion to Dismiss has been served upon the following this 30th day of March, 2006 by regular U.S. mail and/or email.

William and Shana Mestemaker
3845 Schleucher Road
Celina, Ohio 45822


Douglas A. Dymarkowski
Trustee
Via Electronic Mail

Amy L. Good
U.S. Trustee Office
Via Electronic Mail.

                                            **/s/ Randy L. Reeves**
                                            **Randy L. Reeves (#0009934)**
                                            **Attorney for Debtors**
                                            **973 West North Street**
                                            **Lima, OH 45805**
                                            **(419) 228-2122 Telephone**
                                            **(419) 222-6718 Facsimile**